IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 19 B 02929 |
| | ) | |
| Vivacqua, Elio, | ) | Chapter 13 |
| | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | Date:  7/23/19 at 9:30 AM |

## NOTICE OF MOTION

TO:   **Tom Vaughn**, Chapter 13 Trustee (via CM/ECF)
      **Joseph Olstein**, Attorney for Debtor (via CM/ECF)

PLEASE TAKE NOTICE that at 9:30 AM on Tuesday, July 23, 2019, the undersigned shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge, at Courtroom 742, United States Bankruptcy Court, Dirksen Federal Building, 219 S. Dearborn, Chicago, Illinois, and there and then present:  Motion to Compel Debtor to Surrender Real Estate, a copy of which is enclosed and is herewith served upon you, at which time you may appear and be heard.

O'KEEFE, RIVERA & BERK, LLC

By: /s/ Peter L Berk

O'Keefe, Rivera & Berk, LLC
55 W Wacker Drive, Suite 1400
Chicago, IL 60601
Phone: (312) 758-1121
Fax: (312) 212-5963
plberk@orb-legal.com

## CERTIFICATE OF SERVICE

The undersigned attorney, hereby certifies that he has served a copy of the foregoing Notice and document to which it refers upon the parties listed above, according to the method listed above, by electronic notice accomplished through the Court's CM/ECF system, on the 15th day of July, 2019.

/s/ Peter L Berk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 19 B 02929 |
| | ) | |
| Vivacqua, Elio, | ) | Chapter 13 |
| | ) | Hon. Carol A. Doyle |
| | ) | |
| Debtor. | ) | Date: 7/23/19 at 9:30 AM |

**MOTION TO COMPEL DEBTOR TO SURRENDER REAL ESTATE**

NOW COMES a creditor in this matter, ALSJ, Inc., ("ALSJ") by and through its attorney Peter L Berk of O'Keefe, Rivera & Berk, LLC, and in support of its Motion Compel Debtor to Surrender Real Estate, states as follows:

1. This Chapter 13 Bankruptcy case was filed on February 4, 2019. This is Debtor's second bankruptcy case, with Debtor's previous Chapter 13 case having been filed on October 24, 2018 and dismissed on January 15, 2019.

2. ALSJ is in the business of making loans to real estate investors.

3. The Debtor, a real estate investor, has two accounts with ALSJ, each memorialized by a promissory note and secured with first priority mortgage liens on separate condominium units owned by the Debtor. One mortgage account is secured by the Debtor's real estate commonly known as 1650 Riverwoods Drive, Unit 602, Melrose Park, IL 60160 (the "602 Property"). The other mortgage account is secured by the Debtor's real estate commonly known as 1650 Riverwoods Drive, Unit 707, Melrose Park, IL 60160 (the "707 Property").

4. The Debtor's initial Plan proposed to retain both properties, but when ALSJ objected to extension of the automatic stay due to the Plan's gross underfunding of ALSJ's claims, among other reasons, the Debtor offered to "surrender" the 707 Property in exchange for ALSJ withdrawing its objection. On March 5, 2019, this Court entered an agreed order providing for surrender of the 707

Property and terminating the automatic stay as to that property.  The Debtor's Chapter 13 Plan confirmed on July 2, 2019, also surrenders the 707 Property.

5. ALSJ filed its foreclosure case in the Circuit Court of Cook County against the 707 Property on April 17, 2018, captioned <u>ALSJ v. Elio Vivacqua</u>, 2018 CH 04997.  A copy of the complaint is attached hereto as <u>Exhibit A</u>.

6. The foreclosure case was stayed twice by the two bankruptcy cases filed by the Debtor, but ALSJ was able to continue with the foreclosure after the Agreed Order was entered terminating the stay on March 5, 2019.

7. Subsequent to the Agreed Order being entered, it became clear that the Debtor had no intention of surrendering the 707 Property in good faith, but rather, to circumvent and delay the foreclosure process as long as possible with frivolous filings, while continuing to collect all of the rental income from the property.

8. The Debtor filed his "Answer to Complaint of Foreclose (sic), Affirmative Defenses, and Counterclaim on April 16, 2019.  See <u>Exhibit B</u>.  The Debtor's pleadings, at their most frivolous and offensive,

   a. Deny that the loan was intended as a commercial loan when the mortgage document signed by the Debtor states that the "proceeds shall be used solely for business purposes and in furtherance of the business affairs of the borrower" and the "entire obligation constitutes a business loan."

   b. Claim that the 707 Property is being used as Debtor's primary residence, when the Debtor's bankruptcy schedules list the Debtor's home address as 1833 Oak Park Avenue, Berwyn, IL 60402, and lists a tenant (Barbara Williams) and rental income for the 602 property.

    c. Along the same lines, falsely claim that this business loan "was given with the knowledge that Vivacqua would live at the premises after purchasing the property." The mortgage documents list the Debtor's Berwyn address.

    d. Cite statutes (815 ILCS 137, 205 ILCS 635/1-4, 765 ILCS 77/70(A)(5)) which apply to home loans, not business loans.

    e. Claim that Vivacqua has insufficient knowledge to admit or deny signing the mortgage documents which bear his clear signature.

    f. Claim that Vivacqua has insufficient knowledge to admit or deny that the mortgage document was recorded, despite that the mortgage with a recording stamp is attached to the complaint.

    g. Deny defaulting on the mortgage payments.

    h. Deny even owing a debt to ALSJ.

9. On February 26, 2019, ALSJ filed its secured proof of claim in the sum of $131,710.64 for the debt secured by the 707 Property. In the Agreed Order, the Debtor waived objection to the secured claim.

10. The Debtor can satisfy the Bankruptcy Code's requirements for confirmation as to any secured claim by providing that the Debtor will "surrender the property securing such claim to such holder." 11 U.S.C. §1325(a)(5)(C).

11. The Bankruptcy Code's use of the word "surrender" requires the Debtor to relinquish all rights in the surrendered collateral, including the possessory right. When Debtor surrenders pursuant to a Plan, he must drop opposition to a foreclosure action. See In Re Failla, 838 F.3d 1170, 1178 (11th Cir. 2016). See also In Re House, (Bankr. S.D. Miss., 2019), In Re Cormier, 434 B.R. 222, 230 (Bankr. D. Mass. 2010), Hull v. Wells Fargo Bank, N.A., No. 6:15-cv-01990-AA, 2016 WL 1271675, at *4 (D. Or.Mar. 28, 2016).

12. ALSJ is suffering significant damages as a result of the Debtor's frivolous and bad faith opposition to the foreclosure action. ALSJ is forced to expend attorney fees defending against the Debtor's claims. Interest continues to accrue on the debt while the foreclosure is pending, while the Debtor is allowed to collect all of the rental income on the property which should be going towards paying down the debt he owes to ALSJ.

13. In the Circuit Court of Cook County, Debtor will likely succeed with his delay tactics unless this Court puts a stop to it.

14. Pursuant to 11 U.S.C. §105, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

15. The Court can and should exercise its Section 105 powers in ordering the Debtor to immediately withdraw his answer and affirmative defenses to the foreclosure action, dismiss his counterclaim, and to stop his opposition to the foreclosure case.

16. The Court can order the Debtor to submit to a consent foreclosure judgment pursuant to 735 ILCS 5/15-1402. A consent judgment would not prevent the Debtor from ensuring that the foreclosure sale is conducted properly in accordance with Illinois Law.

WHEREFORE, ALSJ respectfully requests the Court enter an Order compelling the Debtor to drop his opposition to the foreclosure action, and to follow through with the surrender of the 707 Property provided for by his confirmed Plan. Debtor asks for such other and further relief as is just and necessary.

Respectfully Submitted

**ALSJ, INC.**

By: /s/ Peter L Berk
    One of its Attorneys

Peter L. Berk, Esq. #6274567
Helena Milman, Esq. # 6294473
O'KEEFE, RIVERA & BERK, LLC
55 W. Wacker Drive, Ste 1400
Chicago, Illinois 60601
312/758-1121