# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: ) | Case No.: 19 B 02929 |
| Elio Vivacqua ) | |
| ) | |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | Judge Carol A. Doyle |
| ) | |

## NOTICE OF FILING

TO: **Via Electronic Filing:**
   Peter Berk, Counsel for ALSJ INC, VIA ECF
   Tom Vaughn, Chapter 13 Trustee, VIA ECF
   **Via U.S. Mail:**

   See attached service list

   Please take notice that on August 12, 2019. I filed a response to ALSJ INC.'s Motion to Compel Debtor to Surrender Real Estate

## PROOF OF SERVICE

I, Joseph Olstein, an attorney, certifies that he caused to be mailed a copy of this notice and attached response to the above named addressed with postage prepaid on August 13, 2019.

/s/   Joseph M. Olstein

Joseph Olstein#6300472
Olstein Law LLC
10450 S. Western Ave.
Chicago, IL 60643
(312) 725-4132

**Service List**

ALSJ INC
6603 Beckwith RD
Morton Grove, IL 60053

Avant Llc
222 N. Lasalle Suite 170
Chicago, IL 60601

BAC Loan Servicing, LP
PO Box 650070
Dallas, TX 75265

Bk Of Amer
4909 Savarese Circle
Tampa, FL 33634

Capital One Bank Usa N
Po Box 30281
Salt Lake City, UT 84130

Credit One Bank
ATTN: BK Department
PO Box 98873
Las Vegas, NV 89193

Gregory L. Goldstein
334 Ardmore Ave.
Villa Park, IL 60181

Illinois Department of Revenue
PO Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Nissan Motor Acceptance
Pob 660366
Dallas, TX 75266

Pennymac Loan Services
6101 Condor DR.
Moorpark, CA 93021

Shellpoint Mortgage Servicing
PO Box 619063
Dallas, TX 75261-9063

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| In Re: ) | Case No.: 19 B 02929 |
|    Elio Vivacqua ) | |
| ) | |
| ) | Chapter 13 |
|           Debtor. ) | |
| ) | Judge Carol A. Doyle |
| ) | |

**DEBTOR'S RESPONSE TO ALSJ, INC's MOTION TO COMPEL SURRENDER
OF REAL ESTATE**

NOW COMES the Debtor, Elio Vivacqua (hereafter "Debtor") by and through his attorney, Joseph Olstein, and in support of his Response to ALSJ Inc.'s, "ALSJ", Motion to Compel Debtor to Surrender Real Estate, states as follows:

1) Mr. Vivacqua filed this Chapter 13 Bankruptcy Case on February 4, 2019.

2) Since it was a second filing within twelve months, the Debtor filed a motion to extend the automatic stay. ALSJ, Inc. filed an objection to that motion, and eventually reached an agreement with the Debtor conditioning the automatic stay

3) As part of that agreement, the Debtor's real property commonly known as 1650 Riverwood Drive, Unit 707 in Melrose Park, would be surrendered out of his bankruptcy estate, while the debtor's bankruptcy estate would retain possession of the Debtor's real property commonly known as 1650 Riverwood Drive, Unit 602.

4) Debtor's counsel and ALSJ's counsel, exchanged voluminous communications via email and phone regarding this settlement. As part of the negotiation, ALSJ's counsel conditioned the agreement on a term that would prevent the Debtor from objecting to ALSJ's proof of claim. ALSJ insisted on this term, because it was

their understanding that the debtor might fight the foreclosure case in State Court, and if there were additional legal fees, ALSJ wanted the opportunity to add those to their proof of claim.  See email correspondence attached as Exhibit A.

5) Furthermore, ALSJ's brief seems to indicate that they were blind-sided by the debtor's litigation in state Court.  However, the Debtor's counsel filed pleadings on 11/09/2018.

6) Additionally, the Debtor filed an answer and counter-claims on April 16, 2019, See The State Court Docket attached As Exhibit B.

7) Debtor's counter claims arise out of the Illinois Consumer Fraud Act, and the Illinois Predatory Lending Act.

8) It is worth noting, in a similar case against ALSJ, the State Court invalidated ALSJ's note, awarded the property and attorney fees to the Defendant, Counter-Plaintiff, and against ALSJ.  *ALSJ, Inc., v. Kurtz* 58 N.E.3d 666, 669 (Ill. App., 2016).

9) Specifically, in In Re Kurtz, the Mortgagor secured a loan with ALSJ, which had an interest rate that violated the Illinois Mortgage Rescue Fraud Act.  See State Court's order attached As Exhibit C.  The order was upheld on appeal.

10) Over a month after the Debtor's Counsel filed pleadings in State Court, ALSJ filed an objection to the Confirmation of Debtor's plan in this Court.  Their Objection makes no reference to the Debtor's affirmative defenses and counter-claims that were already pending in state court for six weeks.  Moreover, ALSJ already filed an answer and response to the Debtor's State Court pleading.

11) Eventually, Debtor's case was confirmed. Debtor's plan proposes to pay his creditors in full, along with an 100% dividend to his General Unsecured Creditors plus interest.

12) Subsequently, two weeks after the Debtor's case was confirmed, and two months after the debtor filed pleadings in State Court, ALSJ is trying to make an end-run around defending the state court action by coming to this Court and asking the Court to compel the Debtor to abandon their counter-claims and defenses.1

13) ALSJ's Position is flawed.

14) Other Court's that considered the effect of surrendering collateral from a Debtor's bankruptcy estate indicate that surrendering only requires the debtor to surrender property to the Chapter 7 trustee, not to the creditor. See *In re Elkouby*, 561 B.R. 551 (Bankr. S.D. Fla, 2016).

15) The *Elkouby* Court states that it is, "apodictic that a lienholder cannot, in any court, assert that a debtor's indicated intent to surrender real property in a chapter 7 case has any consequence with respect to the lienholder post-bankruptcy, including precluding that debtor from defending an action by a lienholder to foreclose its security interest in real property." *Id. at 557*.

16) ALSJ relies on *In re Failla*, a case from the 11th Circuit. The *Failla* Court stated that a Chapter 7 debtor must abandon any right to the property in State Court and cannot fight a foreclosure action. However, this case was only interpreting the meaning of Surrender in section 521 of the Code, and therefore would not have

---

1 At the hearing on ALSJ's Motion, Debtor's counsel indicated that the Debtor was not served pursuant to Rule 9013-1. The Court asked ALSJ's counsel to serve the debtor as required by the rule. As of today, no certificate of service indicating that the debtor was served has been filed.

the same effect on a Debtor indicating that they are surrendering collateral from their Chapter 13 estate in a Chapter 13 plan pursuant to section 1325(a)(5)(C).

17) Additionally, other Courts have decided that the reasoning in *Failla* is flawed. In doing so, *In re Ryan* states that the *Failla* Court took an overly broad view of the term surrender. The *Ryan* Court states that the term surrender only serves to relinquish the protection of the automatic stay to the specific creditor that holds the secured claim. *In re Ryan* 560 B.R. 339 (Bankkr. Haw., 2016) at 350. See also *In re Rodriguez,* 2015 WL 4872343 at *4 (Bankr. S.D. Fla. August 13, 2015).

18) In *Ryan,* the Court indicates that the term surrender should not affect a debtor's substantive rights in a foreclosure proceeding for multiple reasons; (1) "If Congress intended that "surrender" would have far-reaching consequences…Congress could and would have said so.", (2) The Code only gives the trustee the power to compel the debtor to surrender, that power is not vested in creditors. If Congress intended to give a Creditor those powers, they would have said so., (3) "There is no reason to read the ambiguous word 'surrender' under section 521(a)(2) to give secured creditors a free pass to violate the foreclosure laws." *In re Ryan* at 350-251.

19) To be sure, ALSJ was held liable for violating foreclosure laws in Illinois. Compelling the debtor to abandon his claims, could give them a pass on the acts they committed against the debtor.

**WHEREFORE**, the Debtor prays this Court enter an order Denying ALSJ's motion to compel the Debtor to abandon their defense of ALSJ's foreclosure proceeding in State Court.

Respectfully submitted,

By: /s/ Joseph Olstein
Joseph Olstein

Joseph Olstein #6300472
Olstein Law LLC
10450 S. Western Ave.
Chicago, IL 60643
(312) 725-4132